ALMON, Justice.
The plaintiff, Union Springs Telephone Company, Inc., (“USTC”) appeals from a judgment entered by the trial court in favor of the defendant, James H. Rowell, acting director of the State Finance Department, on USTC’s claim for declaratory and injunctive relief. The issue is whether the trial court, after hearing ore tenus testimony, plainly and palpably erred in entering the judgment for the defendant.
The order and final judgment of the trial court, supplemented by facts from the record necessary for an understanding of this controversy, are as follows:
“On May 26, 1992, plaintiff USTC filed this action against James H. Rowell in his official capacity as Acting Director of the Alabama Department of Finance (the ‘Finance Department’) whereby USTC sought (i) a temporary restraining order, (ii) a preliminary injunction, (iii) a permanent injunction, and (iv) a declaratory judgment.
[[Image here]]
“The Court makes the following findings of fact and conclusions of law:
“1. On May 16, 1989, USTC entered into a contract with the Alabama Department of Corrections (‘Corrections’) pursuant to which USTC agreed to provide pay-telephone services at the Bullock County Correctional Facility (‘BCCF’).
“2. The term of the USTC-BCCF contract was three years with an automatic renewal term of three years unless either party notified the other party of its intention not to renew the contract. The contract provided that such notification could be given at any time prior to the expiration of the term of the contract.
“[On December 31,1991, Corrections entered into a contract with Taitón Communications, whereby Taitón would replace USTC as the telephone service provider at BCCF when USTC’s contract expired. The Taitón contract was not entered into in accordance with the Competitive Bid Law, Ala.Code 1975, § 41-16-1 et seq.]
“3. On May 5,1992, USTC was notified in writing by Corrections that its contract regarding the provision of pay-telephone services at BCCF would not be renewed and, pursuant to its terms, such contract expired on May 15, 1992.
“[On May 14, 1992, the attorney general issued an advisory opinion to the Finance Department concerning the contracts for the provision of pay-telephone services entered into between the Department and private vendors.[1] The opinion stated that any existing contracts that had not been entered into in accordance with the Competitive Bid Law were void. Because the Taitón contract had not been procured in accordance with the Competitive Bid Law, that contract was declared void. The attorney general also expressed the opinion that the Department had the authority to enter into emergency agreements without soliciting bids to acquire such service pending the earliest possible acquisition of such services through an appropriate bidding process.]
“4. [Ala.Code 1975, § 41-16-23,] allows a state agency to enter into a contract without first seeking competitive bids ‘in case of emergency affecting public health, safety, or convenience,’ provided that the state agency declares in writing the nature of the emergency.
“5. On May 27, 1992, Taitón agreed with the Finance Department that Taitón would provide pay-telephone services to BCCF during the pendency of the bid process.
“6. On May 27, 1992, the Finance Department declared in writing that an emergency affecting the public health, safety, and convenience existed at BCCF, citing as the nature therefor that there was no current contract regarding provision of pay-telephone services at BCCF. Consis *734 tent with its customary procedure, the Finance Department requested the State Purchasing Agent to make such declaration public.
“In this action, USTC attempted to enjoin the Finance Department from effectuating its contract with Taitón whereby Tai-tón has agreed to provide pay-telephone services at BCCF during the pendency of the bid process. USTC argues that no emergency exists at BCCF regarding pay-telephone services as it [USTC] is presently providing such services and has notified the Finance Department that it is willing to continue to do so during the pendency of the bid process.
“On the other hand, the Finance Department urges that because (i) USTC’s contract has expired and (ii) the Attorney General has advised that the Taitón contract is void, there is no current contract for the provision of pay-telephone services at BCCF. The Finance Department contends that this lack of a contract for pay-telephone services at BCCF has caused an emergency situation and, pursuant to § 41-16-23, it is authorized to contract with Taitón for the provision of the services during the pendency of the bid process.
“The May 27,1992, letter of the Finance Department specifically explains the existing emergency as follows:
“ ‘Because the pay telephones covered by these and other agreements are located throughout the State of Alabama providing service to the public and to the inmate population of the Department of Corrections, it is imperative that such service be continued during the period of time required to prepare solicitations, receive and evaluate responses and award such agreements to the respondent proposing the offer most advantageous to the State. The absence of pay-telephone services during the period, would, in my opinion, constitute a danger to the public health, safety or convenience.’
“This Court accepts this explanation as compliance with the requirements of § 41-16-23. Accordingly, it is hereby ordered, adjudged, and decreed as follows:
“1. That the applications of USTC for a temporary restraining order, a preliminary injunction, and a permanent injunction are in all respects denied.
“2. That, pursuant to Rule 65(a)(2), Ala.R.Civ.P., the hearing on USTC’s application for preliminary and permanent injunction was consolidated with the trial on the merits of this cause and, with respect to the claim of USTC for declaratory judgment, judgment is entered in favor of defendant, James Rowell.”
When the trial court hears ore terms evidence, its judgment based on that evidence is presumed to be correct, and it will not be reversed unless it is plainly and palpably wrong. Spruiell v. Robinson, 582 So.2d 508 (Ala.1991). The result reached by the trial court was not plainly and palpably wrong. We add only a few comments to address the specific contention of USTC.
USTC contends that the trial court erred because it believed that it could not “look behind” the Department’s determination that the lack of a viable contract for pay-telephone services at BCCF constituted an emergency. This Court wishes to emphasize that these determinations are reviewable by the courts; if they were not, the Competitive Bid Law would become practically useless, because the State could declare an emergency anytime it wanted to and thus dispense with the bidding process. See Reynolds Construction Co. v. Twin Falls County, 92 Idaho 61, 437 P.2d 14 (1968). The scope of review is limited, however, because a proclamation of a state agency is clothed with a presumption of correctness and may not be overturned unless it is shown to be unreasonable, arbitrary, or capricious. Benton v. Alabama Board of Medical Examiners, 467 So.2d 234 (Ala.1985).
The highly deferential review employed by the trial court is justified, because here the Department of Finance does not seek to bypass the bidding procedures; in fact, it is presumably now conducting those procedures. Because we are concerned only with the period between the expiration of USTC’s contract and the award of a contract through the bidding process, it follows that the mag *735 nitude of the “emergency” does not have to be as great as if the Department were attempting to let a contract without going through the bidding process at all. Therefore, the scope of the judicial review of the Department’s declaration of emergency is even more closely circumscribed than the usual judicial review of an agency’s decision. This is especially true here, because the attorney general, in his opinion declaring the telecommunications contracts void, expressly stated that the Department of Finance had the authority to use § 41-16-23 to obtain temporary pay-telephone service. Therefore, we hold that the trial court’s review was proper under the circumstances in this case.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. In 1990, the Department of Finance was given the responsibility of procuring contracts for telecommunications systems. Acts 1990, No. 90-553, codified at Ala.Code 1975, § 41-4-280 through -293. Before the adoption of that act, the individual state agencies were responsible for procuring their own telecommunications contracts.